Northern Legal, PC
112 W. 8th Ave., Suite 508
Amarillo, Texas 79101

Bar Number: 15101100
Phone: (806) 374-2266

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | | |
|---|---|---|---|
| In re: Ruben Varela Mata<br>2035 Mustang Dr.<br>Levelland, Texas 79336 | xxx-xx-3067 | § § § § § | Case No: 17-50078-13<br>Date: 3/24/2017<br>Chapter 13 |
| Carrie Riojas Mata<br>2035 Mustang Dr.<br>Levelland, Texas 79336 | xxx-xx-1411 | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any nonstandard provision(s).

☐ This *Plan* does contain nonstandard provision(s).

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2016-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | |
|---|---|---|
| Plan Payment: $410.00 | Applicable Commitment Period: **36 months** | Estimated Unsecured Creditors Pool: $0.00 |
| Plan Term: **60 months** | Disposable Income per § 1325(b)(2): $0.00 | |
| Plan Base: $24,600.00 | Value of Non-exempt property per § 1325(a)(4): $0.00 | |

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

## SECTION I
## DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
## FORM REVISED 10/1/16

A. **PLAN PAYMENTS:**

    *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

    __$410.00__ per month, months __1__ to __60__.

    For a total of __$24,600.00__ (estimated "*Base Amount*").

    First payment is due _____.

    The applicable commitment period is __36__ months.

    Disposable Income calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

    *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4) is: __$0.00__.

    The unsecured creditor's pool, as estimated by the *Debtor(s)*, shall be no less than __$0.00__.

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2014-04 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To __Northern Legal, PC__, total: __$3,700.00__;
__$1,070.00__ Pre-petition; __$2,630.00__ disbursed by the *Trustee*.

D.(1) **PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

Page 2

Case No: 17-50078-13
Debtor(s): Ruben Varela Mata
Carrie Riojas Mata

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| | | | | | |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| Titlemax of Lubbock | $11,003.00 | 5.25% | Month(s) 2-14 | $125.00 |
| 2008 Chevy Siverado | | 5.25% | Month(s) 15-60 | $243.00 |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

### F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| Ditech | 2035 Mustang Dr. Levelland, Texas | $95,306.00 |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| IRS/Department of Treasury | $5,500.00 | Month(s) 15-60 | $121.00 |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Ally Financial | $0.00 | |
| Amex | $0.00 | |
| Amex | $0.00 | |
| Capital One | $0.00 | |
| Capital One Auto Finance | $0.00 | |
| Chase Card | $0.00 | |
| Collectech Diversified | $136.00 | |
| Comenity Bank / Bealls | $194.00 | |
| Costco Go Anywhere Citicard | $1,108.00 | |
| Covenant Health | $51.84 | |
| Fingerhut | $297.00 | |
| Ford Credit | $0.00 | |
| Midland Funding | $1,449.00 | |
| Montgomery Awards | $902.70 | |
| OneMain | $1,984.00 | |
| OneMain | $7,808.00 | |

| | |
|---|---|
| Onemain Financial/Citifinancial | $0.00 |
| Onemain Financial/Citifinancial | $0.00 |
| Onemain Financial/Citifinancial | ($1.00) |
| Real Time Resolutions | $0.00 |
| Retail Merchants Association | $75.00 |
| Santander Consumer USA | ($1.00) |
| Santander Consumer USA | $0.00 |
| Springleaf Financial S | $0.00 |
| Synchrony Bank/American Care Credit | $0.00 |
| Synchrony Bank/Care Credit | $0.00 |
| Synchrony Bank/Care Credit | $0.00 |
| UMC Health System | $520.00 |
| TOTAL SCHEDULED UNSECURED: | $14,523.54 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is ____9%____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

## SECTION II
## DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS
## FORM REVISED 10/1/16

### A. SUBMISSION OF DISPOSABLE INCOME:

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the *Debtor's(s')* Authorization for Adequate Protection Disbursements (*"AAPD"*), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

### E.(2) SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral,* as stated in the *Plan,* by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral,* to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G. DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I. CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J. GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

### L. CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

### M. ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

### N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

### O. CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R. BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

### T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

### U. ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

Case No: 17-50078-13
Debtor(s): **Ruben Varela Mata**
**Carrie Riojas Mata**

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V. POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

### W. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No: 17-50078-13
Debtor(s): Ruben Varela Mata
Carrie Riojas Mata

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

_____         _____
Van W. Northern, Debtor's(s') Attorney                         Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

                                                                         **15101100**
_____         _____
Van W. Northern, Debtor's(s') Counsel                         State Bar Number

Northern Legal, PC
112 W. 8th Ave., Suite 508
Amarillo, Texas 79101

Bar Number: 15101100
Phone: (806) 374-2266

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION
Revised 10/1/2016

| IN RE: | Ruben Varela Mata | xxx-xx-3067 | § | CASE NO: 17-50078-13 |
| --- | --- | --- | --- | --- |
| | 2035 Mustang Dr. | | § | |
| | Levelland, Texas 79336 | | § | |
| | | | § | |
| | | | § | |
| | Carrie Riojas Mata | xxx-xx-1411 | | |
| | 2035 Mustang Dr. | | | |
| | Levelland, Texas 79336 | | | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: 3/24/2017

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | | $410.00 |
| --- | --- | --- |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $40.50 | $41.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $33.60 | $0.00 |
| **Subtotal Expenses/Fees** | **$79.10** | **$41.00** |
| Available for payment of statutory fees and charges. Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | $330.90 | $369.00 |

### SECURED CREDITORS (INCLUDING PRE-PETITION MORTGAGE ARREARS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
| --- | --- | --- | --- | --- | --- |
| Titlemax of Lubbock | 2008 Chevy Siverado | $11,003.00 | $10,000.00 | 1.25% | $125.00 |
| | | | Total Adequate Protection Payments: | | $125.00 |

### DOMESTIC SUPPORT OBLIGATION CREDITORS:

| Name | Scheduled Amount | Adequate Protection Percentage | Adequate Protection Payment Amount |
| --- | --- | --- | --- |
| | | Total Adequate Protection Payments: | $0.00 |

Case No:    17-50078-13
Debtor(s):  Ruben Varela Mata
            Carrie Riojas Mata

## CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|------|-----------|------------|------------------|---------------------|----------------|
| | | | | Total Adequate Protection Payments: | $0.00 |

## SUMMARY OF PRE-CONFIRMATION PAYMENTS

| First Month Disbursement (after payment of Clerk's Filing Fee and Chapter 13 Trustee Percentage Fee): | |
|---|---:|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $0.00 |
| Adequate Protection to Secured Creditors @ min. of 1.25% | $125.00 |
| Adequate Protection to Domestic Support Obligations @ min. of 1.25% | $0.00 |
| Debtor's Attorney, pro rata: | $205.90 |

| Disbursements starting month 2 (after payment of Clerk's Filing Fee and Chapter 13 Trustee Percentage Fee): | |
|---|---:|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $0.00 |
| Adequate Protection to Secured Creditors @ min. of 1.25% | $125.00 |
| Adequate Protection to Domestic Support Obligations @ min. of 1.25% | $0.00 |
| Debtor's Attorney, pro rata: | $244.00 |

DATED:_____

_____
Attorney for Debtor(s)

Debtor: Ruben Varela Mata & Carrie Riojas Mata
Case no: 17-50078

## NOTICE OF CONFIRMATION HEARING AND THE RIGHT TO OBJECT

Please take notice that a hearing on Amended Motion for Valuation of Security and Confirmation of Debtor's(s') Chapter 13 Plan has been set for June 22, 2017 at 9:00 a.m. in the Bankruptcy Courtroom, Room 314, Federal Building, 1205 Texas Avenue, Lubbock, Texas.

CREDITORS AND INTERESTED PARTIES HAVE NO LATER THAN SEVEN (7) DAYS PRIOR TO THE DATE OF THE TRUSTEE'S PRE-HEARING CONFERENCE TO FILE A WRITTEN OBJECTION TO THE DEBTOR'S PLAN AND ANY AMENDMENTS. WRITTEN OBJECTIONS MUST BE FILED WITH THE UNITED STATES BANKRUPTCY CLERK'S OFFICE, ROOM 306, FEDERAL BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401. A COPY OF SAID OBJECTION MUST BE SENT TO THE STANDING CHAPTER 13 TRUSTEE AND THE DEBTOR'S(S') ATTORNEY AT THE FOLLOWING ADDRESSES:

| | |
|---|---|
| Robert B. Wilson | Van W. Northern |
| 6308 Iola Avenue, Suite 100 | 112 W. 8th Ave, Suite 508 |
| Lubbock, Texas 79424 | Amarillo, Texas 79101 |
| (806) 740-0114 | (806) 374-2266 |

IN THE EVENT THAT THE TOTAL AMOUNT PAID TO GENERAL UNSECURED CREDITORS PROVIDES A REPAYMENT OF SEVENTY (70) PERCENT OR MORE OF TIMELY FILED CLAIMS AND IF NO WRITTEN OBJECTION IS FILED WITHIN SAID SEVEN (7) DAYS PRIOR TO THE DATE OF THE TRUSTEE'S PRE-HEARING CONFERENCE AND SERVED UPON ALL NECESSARY PARTIES SET FORTH ABOVE, THE COURT WILL BE REQUIRED TO CONFIRM THE DEBTOR'S(S') PLAN WITHOUT FURTHER NOTICE OR HEARING. IF THE PLAN IS LESS THAN SEVENTY (70) PERCENT, THEN THE DEBTORS AND THEIR ATTORNEY MUST ATTEND THE CONFIRMATION HEARING.

Date: April 7, 2017

/s/ Van W. Northern
Van W. Northern
Attorney for Debtor(s)

If any objection to Confirmation or an Objection to Valuation is filed, there will be a Pre-Hearing conference held by the Standing Chapter 13 Trustee on:

Date: June 15, 2017 @ 2:00 p.m.

Location:
Trustee's Office
6308 Iola Avenue, Suite 100
Lubbock, Texas

THE PRE-HEARING CONFERENCE MUST BE ATTENDED BY THE DEBTOR(S), DEBTOR'S(S') ATTORNEY, AND THE PARTY FILING THE OBJECTION TO CONFIRMATION OR OBJECTION TO VALUATION. CREDITORS FILING OBJECTIONS MUST HAVE REPRESENTATIVES IN ATTENDANCE WITH AUTHORITY TO SETTLE OBJECTIONS.

If a Pre-Hearing conference should be necessary, you must contact Kathy Westbrook at (806) 740-0114 to schedule your appointment.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

IN RE: Ruben Varela Mata                                    CASE NO.  17-50078-13
            *Debtor*

       Carrie Riojas Mata                                   CHAPTER  13
            *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 6, 2017, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

Van W. Northern
Bar ID: 15101100
Northern Legal, PC
112 W. 8th Ave., Suite 508
Amarillo, Texas 79101
(806) 374-2266

---

Ally Financial
xxxxxxxx1561
PO Box 380901
Bloomington, MN 55438

Amex
xxxxxxxxxxxx9443
Correspondence
PO Box 981540
El Paso, TX 79998

Amex
xxxxxxxxxxxx3383
Correspondence
PO Box 981540
El Paso, TX 79998

Attorney-In-Charge
Office of the United States Attorney
500 S. Taylor, Lobby Box 238
Amarillo, TX 79101

Capital One
xxxxxxxxxxxx7715
Attn: General
Correspondence/Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Capital One Auto Finance
xxxxxxxxxxxx1001
Attn: General
Correspondence/Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Chase Card
xxxxxxxxxxxx3983
Attn: Correspondence
PO Box 15298
Wilmington, DE 19850

Collectech Diversified
xxxxxxxxxxxx4620
Attn Collections
PO Box 12027
Lubbock, TX 79452

Comenity Bank / Bealls
xxxxxxxxxxxx2404
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

Comptroller of Public Accounts
Taxation Division Bankruptcy
P.O. Box 12548
Austin, TX 78711

Costco Go Anywhere Citicard
xxxxxxxxxxxx3326
Centralized Bk/Citicorp Credit Card Srvs
PO Box 790040
St Louis, MO 63179

Covenant Health
xxxxxxxx0081
1900 College Ave
Levelland, Texas 79336

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

IN RE: Ruben Varela Mata                                    CASE NO. 17-50078-13
_Debtor_

Carrie Riojas Mata                                          CHAPTER 13
_Joint Debtor_

**CERTIFICATE OF SERVICE**
(Continuation Sheet #1)

---

Ditech
xxxxxx2729
Attn: Bankruptcy
PO Box 6172
Rapid City, SD 57709

Fingerhut
xxxxxxxxxxxx8408
6250 Ridgewood Rd
St Cloud, MN 56303

Ford Credit
xxxxxxxxxxxx5952
National Bankruptcy Service Center
PO Box 62180
Colorado Springs, CO 80962

Internal Revenue Service
Special Procedures Branch
Bankruptcy Section, Mail Code 5020-DAL
1100 Commerce Street
DALLAS, TX 75242

IRS/Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101

Midland Funding
xxxxxx2718
Attn: Bankruptcy
PO Box 939069
San Diego, CA 92193

Montgomery Awards
xxxxxxxxx9290
1112 7th Ave
Monroe, WI 533566-1364

OneMain
xxxxxxxxxxxx5101
Attn: Bankruptcy
601 NW 2nd St
Evansville, IN 47708

OneMain
xxxxxxxxxxxx3544
Attn: Bankruptcy
601 NW 2nd St
Evansville, IN 47708

Onemain Financial/Citifinancial
xxxxxxxxxxxx6708
6801 Colwell Blvd
NTSB-2320
Irving, TX 75039

Onemain Financial/Citifinancial
xxxxxxxxxxxx0693
6801 Colwell Blvd
NTSB-2320
Irving, TX 75039

Onemain Financial/Citifinancial
xxxxxxxxxxxx5444
6801 Colwell Blvd
NTSB-2320
Irving, TX 75039

Perdue Brandon Fielder Collins Mott
P.O. Box 817
Lubbock, TX 79408

Real Time Resolutions
xxxxx6333
Attn: Bankruptcy
PO Box 36655
Dallas, TX 75235

Retail Merchants Association
xxxxxx5-523
PO Box 2249
Lubbock, Texas 79408-2249

Robert B Wilson
Standing Chapter 13 Trustee
6308 Iola Avenue, Suite 100
Lubbock, TX 79424

Ruben Varela Mata
2035 Mustang Dr.
Levelland, Texas 79336

Santander Consumer USA
xxxxxx8001
Santander Consumer USA
PO Box 961245
Fort Worth, TX 76161

Santander Consumer USA
xxxxxxxxxxxx1000
PO Box 961245
Ft Worth, TX 76161

Springleaf Financial S
xxxxxxxxxxxx8749
7006 University Ave
Lubbock, TX 79413

Synchrony Bank/American Care Credit
xxxxxxxxxxxx5255
Attn: Bankruptcy
PO Box 956060
Orlando, FL 32896

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

IN RE: Ruben Varela Mata							CASE NO. 17-50078-13
                    *Debtor*

Carrie Riojas Mata								CHAPTER 13
                    *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

Synchrony Bank/Care Credit
xxxxxxxxxxxx4316
Attn: Bankruptcy
PO Box 956060
Orlando, FL 32896

Synchrony Bank/Care Credit
xxxxxxxxxxxx2257
Attn: Bankruptcy
PO Box 956060
Orlando, FL 32896

Texas Workforce Commission
101 E. 15th Street
Austin, TX 78778

Titlemax of Lubbock
2219 19th St
Lubbock, Texas 79401

U.S. Trustee
1100 Commerce St, Room 976
Dallas, TX 75242-1496

UMC Health System
xx4015
PO Box 5980
Lubbock, Texs 79408